|  |  |
|---|---|
| Tahiru Bashir,<br>Petitioner<br>-vs-<br>Michael Donahue, et al.,<br>Respondents. | CV-16-1837-PHX-JAT (JFM)<br><br>**Report & Recommendation<br>on Petition for Writ of Habeas Corpus** |

**UNITED STATES DISTRICT COURT<br>DISTRICT OF ARIZONA**

### I.   MATTER UNDER CONSIDERATION

Petitioner, incarcerated at the time in the Federal Detention Center, Eloy, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on March 8, 2007 (#1) challenging his continued detention pending removal to Jordan.  On May 22, 2007, Respondent filed his Suggestion of Mootness (#7).  The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

### II.   RELEVANT FACTUAL & PROCEDURAL BACKGROUND
**A.   FACTUAL AND PROCEDURAL BACKGROUND**

On June 9, 2016, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). On June 20, 2016, Petitioner filed a First Amended Petition (Doc. 3), challenging his detention in the Detention Center in Eloy, Arizona, while awaiting removal to Ghana.  Petitioner's Petition alleges that he was ordered removed on December 9, 2016, and has been detained more than 180 days.  He alleges he has sought to facilitate his removal, but has remained in detention. (Amend. Petition Doc. 3 at 4.)

The Court's Notice of Assignment, issued June 9, 2016 (Doc. 2) warned Petitioner that his case could be dismissed if he did not file a notice of change of address if his address changed. The Court's Service Order entered September 8, 2016 (Doc. 8) warned Petitioner that failure to file to a Notice of Change of Address immediately upon any such change "may result in the dismissal of this action." (*Id.* at 2.) Neither of these documents was returned undeliverable.

On September 19, 2016, mail from the Court to Petitioner was returned undeliverable, indicating Petitioner had been released from custody. (Doc. 15.) On September 20, 2016, Respondents filed a Notice of Deportation and Suggestion of Mootness (Doc. 12), with documents reflecting Petitioner's deportation to Ghana on or about September 13, 2016. Petitioner has not filed a notice of change of address, and the Court has no other addresses for Petitioner known to it.

On September 22, 2016 , the Court issued an Order (Doc. 16) giving Petitioner fourteen days to either: (1) file a notice of change of address; or (2) show cause why his Petition should not be dismissed for failure to prosecute in light of his failure to file a Notice of Change of Address as previously ordered. That Order further gave Petitioner fourteen days to show cause why his Petition should not be dismissed as moot in light of his apparent release from custody. Copies of that order were mailed to Petitioner at his address of record but have been returned undeliverable (Doc. 17). Petitioner has not responded.

### III.  APPLICATION OF LAW TO FACTS
#### A.  MOOTNESS OF HABEAS PETITION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. Id. A moot action is not subject to a judicial resolution.

2

A moot action is one in which the parties lack a legally cognizable interest in the outcome. The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor. "That is, whether the court can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

A habeas petition may be rendered moot following a subsequent release from custody, absent other, collateral consequences that flow from the complained of imprisonment. *Lane v. Williams*, 455 U.S. 624 (1982). While the existence of such collateral consequences is irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v. New York*, 392 U.S. 40 (1968); *Chacon v. Wood*, 36 F.3d 1459 (9th Cir. 1994), no such presumption applies to habeas petitions challenging deportation orders.

Here, Petitioner does not challenge his underlying removal order, but merely his continued detention pending the execution of that order. However, although that detention has terminated, Petitioner has been deported and is precluded from re-entry into the country. Under those circumstances, there may yet remain relief which may be granted. *Reimers, supra*. Moreover, Petitioner has not yet been heard from on whether the matter is moot.

However, in light of Petitioner's failure to prosecute, the Court need not resolve that issue to dispose of this matter.

B. **FAILURE TO PROSECUTE**

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962). "Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording

3

notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion." *Id.* at 633.

In determining whether an abuse of discretion has occurred, a number of factors are relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and the existence of warning to the party occasioning the delay. *See, e.g., Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 499 (9th Cir.1987).

Despite having been given specific notice (Notice of Assignment, Doc. 2; Service Order, Doc. 8) of his obligation to file a notice of change of address, and an order (Doc. 16) specifically directing him to do so, Petitioner has failed to keep his current address on file with the Court.

It is the duty of a party who has filed a pro se action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Petitioner. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Petitioner's failure to keep the Court informed of his new address constitutes failure to prosecute.

Petitioner has failed to prosecute this action, and dismissal is therefore within the discretion of the Court. *Link v. Wabash R. Co., supra*. In the instant case, Petitioner appears to have abandoned this action upon his release from custody. Petitioner has had over four months since his release to file a notice of change of address. Further delay to the Court and to Respondent is not warranted. Also, Petitioner has received adequate warning of the potential of such action, and in light of Petitioner's refusal to respond to the Court, less onerous sanctions will be ineffective.

## IV.   CERTIFICATE OF APPEALABILITY

**No Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires

4

that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

This case arises under 28 U.S.C. § 2241, and does not attack a State court detention. Accordingly, no ruling on a certificate of appealability is required, and no recommendation thereon will be offered.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Amended Petition for Writ of Habeas Corpus, filed June 20, 2016 (Doc. 3) be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## VI.   EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey,* 481 F.3d 1143, 1146-

47 (9th Cir. 2007).

Dated: October 11, 2016

16-1837r RR 16 10 10 on HC.docx

_____
James F. Metcalf
United States Magistrate Judge